FILED
SEP - 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WANG DAN, aka: Dan Wang )
10401 Wilshire Blvd. Apt. 308 )
Los Angeles, CA 90024 )
)
WANG JUNTAO, aka: Juntao Wang )
227 Main Street )
Woodbridge, NJ 07905, )
)
     Plaintiffs, ) Complaint for Libel
  vs )
)  CASE NUMBER  1:05CV01788
HU JINGTAO aka: JINGTAO HU )
Secretary General )  JUDGE: Ricardo M. Urbina
Politburo of Chinese Communist Party )
30 Fuyou Street, Beijing, China, c/o )  DECK TYPE: General Civil
"People's Daily" Washington DC Bureau )
3706 Mass Avenue, NW, Wash, DC 20016 )  DATE STAMP: 09/09/2005
)
and, Chief Correspondent Aicheng Liu, )
of the "People's Daily," Washington, )
D.C. Bureau, 3706 Mass Avenue, NW )
Washington, DC 20016, and )
)
The "People's Daily" )
c/o "People's Daily" Washington Bureau )
3706 Mass Avenue, NW )
Washington, DC 20016, and )
)
"Global Times" Journal c/o )
"PEOPLE'S DAILY" Washington Bureau, )
3706 Mass Avenue, NW )
Washington, DC 20016, and "John Does" )
and Other Unnamed Individuals, all )
)
     Defendants. )

1

INFORMATION CONCERNING PARTIES:

1. Defendant Hu Jintao, aka Jintao Hu, is the Secretary General of the Chinese Communist Party, the sole political organization in power ruling the "People's Republic of China", a totalitarian regime exercising its constitutionally mandated "dictatorship of proletariat". In ordinary English, this means that the regime maintains its authority by terror and the use of force. Upon information and belief, at all times herein mentioned, defendant Hu Jingtao was a native and citizen of the People's Republic of China residing at Zhongnanhai, Beijing, China.

2. The Chinese Communist Party is the paramount source of all political powers of the People's Republic, according to the Country Report on Human Rights, issued by the U.S. Department of State. The Chinese Communist Party owns, finances and totally controls such news media as the Defendant "People's Daily". The latter is officially relegated to the role of a "mouthpiece" of the Chinese Communist Party under the Defendant Hu Jintao, who is the Secretary General thereof.

3. Being a news media and a corporate entity, the Defendant "People's Daily" is the known subordinate agent responsible only to its superior authority, the Chinese Communist Party. Control of the "People's Daily" by the Defendant Hu Jintao is maintained through the functioning leadership and by the Party's Propaganda Department, under the Standing Committee of the Politburo of the Central Committee of Chinese Communist Party. The Propaganda Department under the Central Committee of Chinese Communist Party is located at 30 Fuyou Street, Dongcheng District, Beijing, China. The headquarters of the "People's Daily" is located at #2 Jintaixi Road,

Chaoyang District, Beijing, 100733, People's Republic of China. Defendant Hu Jintao is the supreme head or "maximum leader" of the totalitarian ruling party that controls absolutely the Propaganda Department and its extraterritorial principal business operating through the "People's Daily." The Washington DC Bureau of the "People's Daily" in the United States is situated at 3706 Mass Avenue, N.W., Washington, D.C. 20016.

4. Defendant Washington Bureau of the "People's Daily" is an arm of the People's Daily operating in the national Capitol of the United States. The Washington Bureau of the "People's Daily" fulfils and implements the People's Daily's multi-functional missions, which, in turn, involves news casting, intelligence collection, communist ideology propaganda, etc.

5. Defendant Aicheng Liu is the Chief Correspondent for the People's Daily U.S. Operation. Defendant Aicheng Liu leads and directs the Washington Bureau of the People's Daily, an extraterritorial arm of the People's Daily in the national Capitol of the United States, implementing the People's Daily's multi-functional missions, involving news casting, intelligence collection, communist ideology propaganda, etc.

6. Defendant "Global Times" Journal is a publication totally owned and totally controlled by the defendant People's Daily and its publishing policy is controlled by the defendant People's Daily, hence by the Chinese Communist Party and its "maximum leader", Defendant Hu Jintao. Defendant "Global Times" is an integral part of the Defendant People's Daily in and out of the United States and it does business in Washington, D.C. At all times pertinent to this Complaint, the Defendant Global Times was a foreign agent subordinate to the People's Daily whose address in China is at Jintaixi Road #2, Chaoyang District, Beijing 100733, People's Republic of China. It is a

3

foreign media entity which maintains an agency office for transacting its D.C. business at 3706 Mass Avenue, N.W., Washington, D.C. 20016.

7. At all times pertinent to this law suit, Defendants have had and continue to have, continuous and substantial contacts within Washington, D.C., including, but not limited to, the formulation, publication, marketing, sale, promotion, distribution and dissemination of the daily Chinese language newspapers known as the "People's Daily" and "Global Times." The Defendants conduct all business incidental thereto and much of it is conducted in the District of Columbia.

8. At all times herein mentioned, Plaintiff WANG Dan, aka: Dan Wang, native and citizen of the People's Republic of China was, and now is, a resident of the State of California, residing at 10401 Wilshire Blvd. Apt. 308, Los Angeles, CA 90024.

9. At all times herein mentioned, Plaintiff Wang Juntao, aka: Juntao Wang, native and citizen of the people's Republic of China was, and now is, a resident of the State of New Jersey, residing at 227 Main Street, Woodbridge, N.J. 07905.

## JURISDICTION AND VENUE

10. This Honorable court has original jurisdiction over the defendants pursuant to 28 USC 1332 (Diversity of Citizenship), where the damages reasonably sought by Plaintiffs in this controversy exceed the sum or value of $75,000.00;

11. This Honorable court also has jurisdiction over the defendants pursuant to 28 USC 1331 (Federal Question Jurisdiction), where issues in relation to 28 USC 1330, 1605 (Foreign Sovereign Immunity Act) may arise from these matters. This Honorable Court's Jurisdiction may also be found pursuant to Supplemental Jurisdiction under 28 USC 1367, while Plaintiffs may invoke the laws of the District of Columbia.

4

12. Venue is proper pursuant to 28 USC 1391, venue generally, because the Defendants' residential state, also the Defendant's place of its principal extraterritorial business operation, herein the United States, is situated in the District of Columbia.

## FACTS PERTINENT TO ALL COUNTS

13. During the period from May 28, 2004, through June 3, 2005, the above-cited Defendants conspired, planned, implemented, authored, published, marketed, sold or otherwise disseminated numerous defamatory articles. These articles maliciously defamed the Plaintiffs. The Defendants wrote and published express or implicit accusations defaming the Plaintiffs to the effect that the Plaintiffs were paid spies serving the interests of the government of Taiwan. Taiwan is the seat of the government of the Republic of China, a democracy, which the People's Republic regards the renegade province and hostile power. In these defamatory articles, the Plaintiffs were accused of "stealing intelligence" from the People's Republic.

14. The contents of these defamatory publications, jointly or severally published by the above-referenced Defendants were false and contrived and the named defendants knew or should have known of their falsity. Nevertheless, the defendants intentionally published and distributed or recklessly allowed the distribution of these false reports in order to tarnish the public image and deliberately and maliciously ruin the excellent and honorable reputation of the Plaintiffs.

15. There are no free and independent news media outlets in totalitarian China. The media are under the total control of the above referenced Defendants. The Plaintiffs are leading dissidents in China's political opposition movement and enjoy an excellent reputation with those Chinese who are familiar with their accomplishments. Defendants

5

jointly regard the Plaintiffs as a threat to the totalitarian regime because of the Plaintiff's leadership potential and by the example of the Plaintiff's moral integrity and high personal regard for them held by the people of China who are familiar with their accomplishments. The press smear campaign libeling and defaming the Plaintiffs jointly was conceived and controlled and implemented by the Defendants. The Defendants conspired and published the libelous smears in order to ruin the Plaintiffs' reputation. The Defendants' defamatory acts against the favorable public image enjoyed by the Plaintiffs were carefully designed to serve the strategic interests of the Defendants desire to hold power.

16. As a result of defendants' defamatory acts, the Plaintiffs have suffered greatly and have incurred great damage from the effects of those harmful libels written, published, and spread by the Defendants.

17. Though the Defendant Hu Jintao also functions as "the Chairman" of "the People's Republic", his tortuous actions and participation in a conspiracy with the other defendants in this narrowly tailored cause of action have nothing to do with his governmental functions or duties. The offensive and damaging libels were published within the framework and operational scope of the propaganda arm of the Chinese Communist Party, via its official mouthpiece, namely, "People's Daily". The Chinese Communist Party and its Politburo (the very top leadership), like its propaganda Department and its subsidiary entity "People's Daily" are not entitled to sovereign immunity. Sovereign immunity may not be invoked by the Chinese Communist Party or its propaganda arm, namely, defendant "People's Daily" because these entities are not "sovereign".

18. The Plaintiffs seek restitution and monetary damages as well injunctive relief that will immediately bar the defendants from committing further defamatory acts against them. The Plaintiffs also seek such other appropriate relief as this Honorable Court may find appropriate.

19. Plaintiff Wang Dan was a student of Peking University, Beijing, China, in 1989. He was named by the communist party of the People's Republic of China as "number one" of the most wanted student leaders after the Chinese government cracked down the student-led pro-democracy movement on June 4th, 1989 in China (Tiananmin Square). He was arrested and sentenced to four years for his political involvement with the student movement. In 1996, he was charged again and sentenced for 11 years in prison for his speaking in favor of democracy and freedom in China and for establishing contact with overseas political organizations. He was paroled into the United States for medical reasons in April, 1998 directly from a Chinese government facility. He currently is a Ph. D. candidate in history at Harvard University, Boston, MA.

20. Plaintiff Wang Juntao was an editor-in-chief of a newspaper in China and the vice director of the Beijing Social and Economical Research Institute in 1989. He was arrested and charged with committing "counter-revolutionary excitation" and "counter-revolutionary organization" and sentenced for 13 years as the "black hand behind the 1989 China's pro-democracy movement" for his leading role in mobilizing and supporting the pro-democracy movement. He was paroled into the United States in 1994 directly from a Chinese government facility. Currently he is a Ph. D candidate in political science in Columbia University, New York, NY.

21. On or about May 28, 2004, Defendants authored, published, marketed, sold and/or otherwise disseminated a defamatory article which appeared in the First Page of the "Global Times" newspaper. It was entitled "Taiwan Authorities Collude the Elements of 'pro-democracy Movement—providing financial support for a long time and purporting to steal intelligence information from the Mainland'" (hereinafter referred to as "the May 28 Article"). On the same day, People's Daily published on its website, www.people.com.cn, the above referenced article. The attached printout from the website and the certified translation are hereto attached and incorporated herein by reference.

22. On June 3, 2005, Defendants authored, published, marketed, sold and/or otherwise disseminated another article, which appeared in the third page of the "Global Times" newspaper. It was entitled "Taiwan Authorities Financially Support the Elements of 'pro-democracy Movement'—Someone voluntarily becomes a tool splitting the country" (hereinafter referred to as "the June 3rd Article"). On the same day, the People's Daily published on its website, www.people.com.cn, the June 3rd Article. The attached printout from the website and the certified translation are hereto attached and incorporated herein by reference.

23. On information and belief, on or about May 28, 2004, Defendants, published, sold, distributed or otherwise disseminated the May 28th Article in China, the United States, and internationally and continuously published the article on its web site.

24. On information and belief on or about June 3, 2004 Defendants, published, sold, distributed or otherwise disseminated the June 3 Article in China, the United States, and internationally and continue to publish the article on the Defendants' web site.

25. The May 28th Article and June 3rd Article hereinafter expressly identified Plaintiff Wang Dan and Wang Juntao as the subjects of their content.

26. The May 28th Article and June 3rd Article contained false and defamatory statements about Plaintiff Wang Dan and Wang Juntao.

27. The substantive contents of the campaign of denunciation and defamation was organized by and conspired in, and jointly or severally launched by the above-referenced Defendants. The subject matter contained in this press smear campaign against the Plaintiffs was false and the above Defendants knew that or should have known of the falsity of their publication. Nevertheless, the Defendants intentionally bore false witness in their reports and recklessly, with malice, allowed their dissimulation to tarnish the public image, and ruin the reputation of the Plaintiffs.

28. As a result of Defendants' defamatory acts, the Plaintiffs have suffered greatly from the harmful libels published maliciously by the Defendants.

29. Although the Defendant Hu Jintao, for the time being, acts as "the Chairman" of "the People's Republic of China", his tortuous acts in connection with the other defendants has nothing to do with the legitimate functions of the office of "the Chairman". In this narrowly restricted cause of action, the libels that are found offensive and damaging by the Plaintiffs are clearly <u>ultra vires</u> for a legitimately functioning government. In fact, these improper libelous publications are found to be the work of and within the framework and operational scope of the propaganda arm of the Chinese Communist Party, via its official mouthpiece, namely, "People's Daily". It is known to all of the educated world, that the Chinese Communist Party and its politburo, like its propaganda Department and its subsidiary entities like the "People's Daily" are not

sovereign entities. Hence, it is clear that the sovereign immunity defense may not legitimately be invoked by the Chinese Communist Party, the ultimate controller of its own propaganda arm, namely, defendant "People's Daily".

## I. FIRST CAUSE OF ACTION OF PLAINTIFFS AGAINST ALL DEFENDANTS

30. The Plaintiffs repeat and re-allege all of the allegations and facts set forth in paragraphs "1" through "29" above as if fully set forth herein.

31. On or about May 28, 2004, Defendants maliciously and or recklessly negligently authored, published, sold, distributed or otherwise disseminated the following false and defamatory statements identifying and concerning Plaintiff Wang Dan and Wang Juntao.

32. The following is an English translation from the original Chinese of the specific false and defamatory statements about Plaintiffs contained in the May 28th Article as it appeared in the May 28th, 2004 edition of "Global Times", People's Daily website:

> "It was pointed by the analyst(s) that Chen Shuibian administration was planning to take the overseas 'democracy movement' as its tool for 'Taiwan Independence' upheld by Democracy Progress Party (DPP), and to push them back in China as the fifth column of Taiwan Democracy Progress Party.
>
> "Wang Juntao, born in Beijing in 1958, entering in Technology Department of Peking University in 1978, was arrested and sentenced for 13 years for his participation of "democracy movement." He joined so-called China Strategic Institute and he was placed by Taiwan Authorities into the "Zhiguang Project".
>
> "DPP established "Two Wangs Project", supporting Wang Dan and others. Wang Dan then submitted "reports" to Chen Shuibian.
>
> "It is disclosed that DPP began to contact Wang Dan and Wang Juntao in 2001 at Boston, USA. Taiwan authorities sent Yan Wanjin and Xu

> Sijian(assistant professor of International relations research Center, Taiwan Political University) to meet Wang Dan, Chen Xiaoping and Wu Jiaxiang, and Liu Junning who was from the mainland.
>
> "In March of 2002, both parties meet at New York again. ... Dan Wang and Juntao became the important subjects after Yang Jianli was arrested in China in 2002. In November of 2002, both parties meet at Soul, Korea again and they exchanged the intelligence reports".

33. The foregoing statements, identifying and concerning the Plaintiffs Wang Dan and Wang Juntao are false and defamatory in view of the fact that Plaintiff Wang Dan and Wang Juntao were never employed by nor have they worked for any Taiwan Intelligence Agency. Further, they never met with such authorities in Taiwan or Korea to exchange intelligence reports.

34. The following is the false and defamatory statement about Wang Dan contained in June 3 article as it appeared in June 3rd, 2005 edition of "Global Times":

> "The mouth will be soft when you eat another's food and the hand will be short if you take other's. It is why the "pro-democracy movement" elements voluntarily became the tools of anti-China forces trying to split China. It was informed that the appointments of members of editorial committee of <<Beijing Spring>> were decided by Taiwan "Bureau of State Security" and the President of <<Beijing Spring>>, Wang Dan, must obtain the consent from "Bureau of State Security" on his personnel arrangement.
>
> "In detail, Taiwan authorities work in four arenas, aiming at "pro-democracy movement": 1, supporting the "pro-democracy movement" to establish the "opposition parties" overseas, ...., 2, extending the "pro-democracy movement" to mainland China,... 3, collecting intelligence information,..., and 4, developing "consciousness" of "Taiwan Independence" among the elements of the "pro-democracy movement.
>
> "Guided by such planning, Wang Dan visited the USA National Democracy Research Institute in January, 2005 to initiate the mainland China projects...."

35. The foregoing statement identifying and concerning the Plaintiff Dan Wang is false and defamatory in view of the fact that Wang Dan never contacted the members

11

from "Taiwan Bureau of State Security," or worked for them. His work in <<Beijing Spring>> was never under the control of the "Bureau of State Security." Further, Wang Dan had never visited the so-called USA National Democracy Research Institute. Nor did he go there to procure the knowledge of how to start the so-called mainland China projects in January of 2005.

36. Following is the false and defamatory statement about Wang Juntao published on June 3 as it appeared in June 3rd, 2005 edition of "Global Times":

> "The Taiwan authorities began to collude the overseas "pro-democracy movement" from the mainland China in the beginning of the 80's. It is estimated that, before the DPP took power, the Taiwan "Bureau of Military Intelligence" spent a total of 5 millions on the "pro-democracy movement." After the DPP took the power in 2000, the DPP gave up the National Party's dream of "attacking and returning to the Mainland" and became uninterested in the "pro-democracy movement." However, after re-evaluation, they believed that elements of the "pro-democracy movement" were still useful, and they changed the tactic of "fixed support" to the tactic of "support on a case-by-case basis." They then actively engaged Wang Dan and Wang Juntao, by setting up the "Two Wangs Project".

37. The foregoing statement, by repeating a false report contained in the May 28 article identifying and concerning the Plaintiff Wang Juntao is pure and simply false and defamatory. It libels the Plaintiffs and falsely implies that Wang Juntao has engaged in clandestine activity with an entity labeled as the so-called Taiwan "Bureau of Military Intelligence." In fact, Wang Juntao never applied to any entity called the "Bureau of Military Intelligence" for support of any kind. Such a false charge of espionage is <u>libel per se</u>.

38. The Defendants knew or should have known that the statements in the Articles concerning Plaintiff were false and defamatory.

12

39. As a direct consequence of the Defendants' malicious, wrongful and reckless publication, distribution, sale and dissemination of false and defamatory statements identifying and concerning Plaintiff Wang Dan and Wang Juntao as described above, Plaintiffs have been held open to public ridicule and suffered damage to their reputation and standing in the community in which they circulate and earn a living in that they were falsely held out to be enemies of the Chinese people working for Taiwan authorities intent on severing Taiwan from Mainland China.

40. As a direct consequence of the Defendants' malicious, wrongful and reckless publication, distribution, sale and dissemination of the false and defamation statements in the Article identifying and concerning Plaintiff Wang Dan and Wang Juntao, Plaintiffs have suffered extreme physical, emotional and psychological distress and mental anguish and direct financial loss.

41. Wherefore Plaintiffs Wang Dan and Wang Juntao have been damaged by the malicious, wrongful and negligent acts of Defendants in the sum of $3,000,000.

## II. SECOND CAUSE OF ACTION OF PLAINTIFFS AGAINST ALL DEFENDANTS

42. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "41" above as if fully set forth herein.

43. Defendants knew or should have known that the aforementioned statements in the Articles and false and defamatory.

44. Defendants' publication, sale, marketing and dissemination of the false and defamatory statements identifying and concerning Plaintiff Wang Dan and Wang Juntao as agents of a power hostile to China was accomplished with actual malice, recklessly disregarding the falsity of the published statements. These statements were published

with the malicious intent to damage the reputations of Plaintiffs Wang Dan and Wang Juntao for the purpose of continuing to persecute the Plaintiffs for their continual pursuit of the cause of freedom and democratization in China. And the libelous statements had that effect. The Defendants sought to denigrate, misrepresent and libel these patriotic proponents of democracy (the Plaintiffs) so that they could maintain the existing one-party political system in China by which they preserve their personal power and riches.

45. The Defendants control absolutely the most authoritative media representing Chinese communist power. The Chinese communist authorities, acting through the Defendants, manipulated the media and propaganda to libel the Plaintiffs while they, the Defendants, censored other newspaper and media having divergent views and blocked many websites and key words of sources in China which they sought to suppress. In China, the names of the Plaintiffs have been blocked on the internet. The Defendants, through their manipulative actions, incite the ordinary people of China to hate the Plaintiffs through the articles they publish by falsely and defamatorily accuse the Plaintiffs of working for the "enemy" in Taiwan. Acting with constitutional malice, the Defendants have formulated their libelous falsities so that the Defendants could exploit the overseas Chinese patriotic motivations to achieve their own malicious purposes. The Defendants have maliciously published denigrating materials about the Plaintiffs so as to continue the Defendants' control of a totalitarian, communist, dictatorship of the proletariat in which they can libel (or torture) anyone they chose.

46. As a direct consequence of Defendants intentional, deliberate and reckless acts Plaintiffs seek punitive damage in the sum of $9,000,000.

### III. THIRD CAUSE OF ACTION OF PLAINTIFFS AGAINST ALL DEFENDANTS

47. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs "1" through "46" as if fully set forth herein.

48. The Defendants' actions against Plaintiffs in publication, sale, marketing and dissemination of the false and defamatory statements described above were accomplished by identifying and falsely contriving infamous and malicious and mendacious libels concerning the Plaintiffs. These falsities are demonstrably intentional, deliberate and calculated maliciously to impose the maximum possible injury upon the Plaintiffs by holding Plaintiffs out to the public in a false light as conspirators with certain Taiwan authorities in an alleged attempt to achieve Taiwan's independence from China.

49. As a direct consequence of Defendants' actions in intentionally or negligently exhibiting Plaintiffs in a false light to the community, Plaintiffs have been damaged in the sum of $3,000,000.

WHEREFORE, Plaintiffs Wang Dan and Wang Juntao respectfully demand judgment against the Defendants as follows:

(a) As and for the First Cause of Action against all Defendants the sum of $3,000,000;

(b) As and for the Second Cause of Action against all Defendants the sum of $9,000,000;

(c) As and for the Third Cause of Action against all Defendants the sum of $3,000,000.

(d) Together with the interest, costs, disbursements of this action, The Plaintiffs request an ORDER from this Honorable Court directing that the Defendants pay the

judgment damages into a So-Ordered "Pro-democracy Movement Account" that is established by the Plaintiffs.

Additionally, the Plaintiffs request injunctive relief ordering that the Defendants cease and desist from any further defamatory acts against the Plaintiffs. Finally, the Plaintiffs seek such other relief as this Honorable Court in its sound discretion may find appropriate.

JURY TRIAL PRAYED

Plaintiffs respectfully demand that all issues that are so triable be tried by a jury.

Respectfully submitted this 9th of September, 2005, by:

John D. Hemenway, Esq.
Counsel for the Plaintiffs
4816 Rodman Street, N.W.
Washington DC 20016
Tel./Fax: 202-244-4819
DC Bar #379663

ATTACHMENTS

1. May 28th, 2004, Article published in Global Times continually and repeated to date on the People's Daily web site. (In original and translation).

2. June 3, 2005, Article published in Global Times on June 3, 2005 and repeated to date on the People's Daily web site. (In original and translation).

Case 1:05-cv-01788-RMU   Document 1   Filed 09/09/2005   Page 17 of 17

Certification of Translation

Re.: translated from www.People.com.cn

I hereby certify that I am thoroughly conversant in both English and Chinese languages and I made the foregoing translation from Chinese into English. I further certify that my translation is accurate and complete to the best of my knowledge.

_____   _09/05/05_
Nancy Grace (Translator):        Date:

05 1788

**FILED**

SEP - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT