IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANG DAN, *et al.*, | ) |
|       Plaintiffs, | ) |
| v. | ) C.V. No. 05-cv-1788 (RMU) |
| HU JINTAO, *et al.*, | ) |
|       Defendants. | ) |

## SUGGESTION OF IMMUNITY
## SUBMITTED BY THE UNITED STATES OF AMERICA

The undersigned attorney of the United States Department of Justice, at the direction of the Attorney General of the United States, pursuant to 28 U.S.C. § 517,[1] respectfully informs this Honorable Court of the interest of the United States in the pending lawsuit against defendant Hu Jintao, the President of the People's Republic of China (hereinafter "China"), and suggests to the Court the immunity of President Hu Jintao. In support of its interest and suggestion, the United States sets forth as follows:

      1.      The United States has an interest in this action against President Hu Jintao insofar as it raises the question of immunity from the Court's jurisdiction of the head of state of a foreign state. The interest of the United States arises from a determination by the Executive Branch of

---

[1] 28 U.S.C. § 517 provides, in relevant part, that "any officer of the Department of Justice[ ] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States. . ." *Id*.

the Government of the United States, in the implementation of its foreign policy and in the conduct of its international relations, that permitting this action to proceed against President Hu Jintao would be incompatible with the United States' foreign policy interests.  As discussed below, this determination should be given effect by this Court.

   2.  The Legal Adviser of the United States Department of State has informed the Department of Justice that the Government of China has formally requested the Government of the United States to suggest the immunity of President Hu Jintao from this lawsuit.  The Legal Adviser has further informed the Department of Justice that the "Department of State recognizes and allows the immunity of President Hu from this suit."  Letter from John B. Bellinger III to Peter D. Keisler (copy attached as Exhibit 1).

   3.  The doctrine of head of state immunity is applied in the United States as a matter of customary international law.  Head of state immunity decisions are made by the Department of State, incident to the Executive Branch's authority in the field of foreign affairs.  Unlike sovereign and diplomatic immunity, however, head of state immunity has not been codified in U.S. law either by statute or by treaty.  Instead, the doctrine is rooted in the common law, specifically, the Supreme Court's decision in *The Schooner Exchange v. M'Faddon*, 11 U.S. (7 Cranch) 116 (1812).  Although that case held merely that an armed ship of a friendly state was exempt from U.S. jurisdiction, the decision "came to be regarded as extending virtually absolute immunity to foreign sovereigns." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486 (1983).

   4.  Over time, the absolute immunity of the state itself was diminished through the

widespread acceptance by states of the restrictive theory of sovereign immunity, a theory reflected in the passage in 1976 of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602 *et seq*. Nevertheless, U.S. courts have held that limitations on immunity contained in the FSIA do not apply to heads of state. As the Seventh Circuit recently explained in *Ye v. Jiang Zemin*, 383 F.3d 620, 625 (7th Cir. 2004):

> The FSIA does not . . . address the immunity of foreign heads of states. The FSIA refers to foreign states, not their leaders. The FSIA defines a foreign state to include a political subdivision, agency or instrumentality of a foreign state but makes no mention of heads of state. 28 U.S.C. § 1603(a). Because the FSIA does not apply to heads of states, the decision concerning the immunity of foreign heads of states remains vested where it was prior to 1976 — with the Executive Branch. (citations and footnotes omitted).

*See also First American Corp. v. Sheikh Zayed Bin Sultan Al-Nahyan*, 948 F. Supp. 1107, 1119 (D.D.C. 1996) ("the enactment of the FSIA was not intended to affect the power of the State Department, on behalf of the President as Chief Executive, to assert immunity for heads of state or for diplomatic and consular personnel"). Thus, under customary international law, and as set forth in the letter from the Legal Adviser of the Department of State attached as Exhibit 1 to this memorandum, President Hu Jintao, as the head of a foreign state, is immune from the Court's jurisdiction in this case. *See, e.g., Ye*, 383 F.3d at 626-627 (recognizing the immunity of former Chinese President Jiang Zemin upon suggestion of immunity by the Department of State and noting the "conclusive nature of the Executive Branch's determination of immunity with regard to heads of state"); *John Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign should be immune from the jurisdiction of American courts, that conclusion is determinative."); *First*

*American Corp.*, 948 F. Supp. at 1119 ("The United States has filed a Suggestion of Immunity on behalf of H.H. Sheikh Zayed, and courts of the United States are bound to accept such head of state determinations as conclusive); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (court is bound by Executive Branch's suggestion of immunity), *aff'd,* 79 F.3d 1145 (5th Cir. 1996); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001) (the Executive Branch's Suggestion of Immunity "is entitled to conclusive deference"); *Lafontant v. Aristide*, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) ("the courts must defer to the Executive determination"), *appeal dismissed*, No. 94-6026 (2d Cir. 1994).

    5.    The Supreme Court of the United States has mandated that the courts of the United States are bound by suggestions of immunity, such as this one, submitted by the Executive Branch. *See Republic of Mexico v. Hoffman*, 324 U.S. 30, 35-36 (1945); *Ex parte Peru*, 318 U.S. 578, 588-89 (1943). In *Ex parte Peru*, the Supreme Court, without further review of the Executive Branch's determination regarding immunity, declared that the Executive Branch's suggestion of immunity "must be accepted by the courts as a conclusive determination by the political arm of the Government" that the courts' retention of jurisdiction would jeopardize the conduct of foreign relations. *Ex parte Peru*, 318 U.S. at 589. Accordingly, where, as here, immunity has been recognized by the Executive Branch and a suggestion of immunity is filed, it is the "court's duty" to surrender jurisdiction. *Ex parte Peru*, 318 U.S. at 588.[2]

---

[2] The conclusive effect of the Executive Branch's suggestion of immunity in this case is not affected by enactment of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*. Prior to passage of the FSIA, the Executive Branch filed suggestions of immunity with respect to both heads of state and foreign states themselves. The FSIA transferred the determination of the immunity of foreign states from the Executive Branch to the courts. *See*

6.  The courts of the United States have heeded the Supreme Court's direction regarding the binding nature of suggestions of immunity submitted by the Executive Branch. *See, e.g., First American Corp.*, 948 F. Supp. at 1119 (suggestion by Executive Branch of the United Arab Emirates' Sheikh Zayed's immunity determined conclusive and required dismissal of claims alleging fraud, conspiracy, and breach of fiduciary duty); *John Doe I v. State of Israel*, 400 F. Supp. at 111 (suggestion by Executive Branch of Ariel Sharon's immunity as head of state of Israel held to necessitate dismissal of claims against him for alleged human rights violations); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988) (suggestion of Prime Minister Thatcher's immunity conclusive in dismissing suit that alleged British complicity in U.S. air strikes against Libya), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989); *Ye*, 383 F.3d at 626-627 (recognizing the immunity of former Chinese President Jiang Zemin upon suggestion of immunity by the Department of State); *Spacil v. Crowe*, 489 F.2d 614, 617 (5th Cir. 1974) ("[O]nce the State Department has concluded that immunity is warranted, and has submitted that ruling to the court through a suggestion, the matter is for diplomatic rather than judicial resolution."); *Alicog*, 860 F. Supp. at 382 (suggestion by Executive Branch of King Fahd's immunity as head of state of Saudi Arabia held to require dismissal of complaint against King Fahd for false imprisonment and abuse); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297

---

H.R. Rep. No. 1487, 94th Cong., 2d Sess. 12 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6610.  However, the FSIA did not alter Executive Branch authority to suggest head of state immunity for foreign leaders, or affect the binding nature of such suggestions of immunity.  *See, e.g., Ye*, 383 F.3d at 625 ("Because the FSIA does not apply to heads of states, the decision concerning the immunity of foreign heads of states remains vested where it was prior to 1976 — with the Executive Branch."); *John Doe I v. State of Israel*, 400 F. Supp. at 111; *First American Corp.*, 948 F. Supp. at 1119; *Abiola v. Abubakar*, 267 F. Supp. 2d 907, 915-16 (N.D. Ill. 2003).

(S.D.N.Y. 2001) (dismissing suit against President and Foreign Minister of Zimbabwe based upon Suggestion of Immunity filed by the Executive Branch), *aff'd in relevant part sub nom. Tachiona v. United States*, 386 F.3d 205 (2d Cir. 2004); *Leutwyler*, 184 F. Supp. 2d at 280 (Executive Branch's Suggestion of Immunity on behalf of Queen of Jordan "is entitled to conclusive deference from the courts"); *Lafontant*, 844 F. Supp. at 132 (suggestion by Executive Branch of Haitian President Aristide's immunity held binding on court and required dismissal of case alleging President Aristide ordered murder of plaintiff's husband).

7. In *Ye v. Jiang Zemin*, 383 F.3d 620, the Seventh Circuit upheld a district court finding that former President of China Jiang Zemin was immune from suit upon the United States' filing of a suggestion of immunity in that case. In upholding the finding of immunity, the circuit court explained that judicial deference to the Executive Branch's suggestions of immunity is predicated on compelling considerations arising out of the Executive Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *Spacil*, 489 F.2d at 618). Judicial Branch deference to the Executive Branch in these matters, the circuit court noted, is "motivated by the caution we believe appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id*. *See also Spacil*, 489 F.2d at 619 ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy.") (citing *United States v. Lee*, 106 U.S. 196, 209 (1882)); *see also Ex parte Peru*, 318 U.S. at 588. And as other courts have explained, the Executive Branch possesses substantial institutional resources to pursue and extensive experience to conduct the country's foreign affairs. *See, e.g., Spacil*, 489

F.2d at 619; *United States v. Truong Dinh Hung*, 629 F.2d 908, 913-14 (4th Cir. 1980). By comparison, "the judiciary is particularly ill-equipped to second-guess" the Executive Branch's determinations affecting the country's interests. *See Spacil*, 489 F.2d. at 619  Finally, and "[p]erhaps most importantly, in the chess game that is diplomacy only the executive has a view of the entire board and an understanding of the relationship between isolated moves." *Id*.

## CONCLUSION

For the foregoing reasons, the United States respectfully suggests the immunity of President Hu Jintao in this action.

Dated: October 19, 2006                                         Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director


            /s/
JONATHAN ELI ZIMMERMAN
(MA Bar # 654255)
U.S. Department of Justice, Civil Division
Federal Programs Branch
P.O. Box 883
20 Massachusetts Ave., NW
Washington, D.C. 20530
Tel: (202) 353-0441 / Fax: (202) 318-7610
E-mail: Jonathan.Zimmerman@usdoj.gov

*Attorneys for United States of America*