IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANG DAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | File Number: 1:05cv01788 |
| v. ) | Judge: Hon. R.M. Urbina |
| ) | |
| HU JINTAO, *et al.*, ) | |
| Defendants. ) | |

## MOTION FOR ENTRY OF DEFAULT

Comes now the Plaintiffs, acting through counsel to report to this Honorable Court the following:

1. Plaintiffs have waited patiently for a reply brief from the Defendants, but none has been filed. Therefore, in accordance with Federal Rule of Civil Procedure 55 (b) (1), the Plaintiffs request that the clerk shall enter the Defendants' default because, in the language of Federal Rule 55 (b) (1):

> (a) Defendants have so far failed to respond to Plaintiffs' Complaint and, with the passage of time, it appears that their intention is to completely ignore this on-going action;
> (b) Plaintiffs properly filed their Complaints with this Honorable Court on September 5, 2005, and had the Defendants timely served as prescribed by Rule 5;
> (c) Proof of Service has been properly filed with this Honorable Court;    (See: EXHIBIT #2)
> (d) Defendants are neither infants nor incompetent persons;
> (e) The Complaint sets out sums certain for relief.

1

2. Plaintiffs note that an irrelevant party, identifying itself as the "International Private Law Society of Wuhan University" has filed what appears to be an "*amicus curiae*." In fact, the authors of this document specify that they are "...not a party to this litigation." (See: p. 1 of this non-party document.) The Wuhan document therefore has no place in these procedures. It should not be considered, no matter how complex or prolix its arguments that the Court lacks jurisdiction.

3. If, however, by entry of default, this Court succeeds in getting the attention of the real Defendants, who believe that an entry of default has been made by error, then the Defendants can always file a Rule 60(b) motion or a Rule 55 (c) motion. Therefore, entry of a default at this stage will work no hardship on the Defendants who will learn that one should never ignore a filing addressed to them and filed in a United States District Court.

4. If the Wuhan group calling itself the "International Private Law Society" could claim legitimately that it is the agent or attorney for the Defendants, we could examine their specious claims. But the Wuhan Group does not even claim to act in that capacity. They simply have no standing in this Court and no one has responded to the properly filed and served Complaint.

5. Wherefore, the Plaintiffs respectfully pray that this Honorable Court will grant this Motion for Entry of Default Judgment as prescribed in the Rules. A Memorandum of Points and Authorities, an Affidavit by Attorney John Hemenway (See: <u>EXHIBIT #1</u>), and, for the convenience of the Court, a (draft) ORDER has been attached.

Respectfully submitted,
For the Plaintiffs,

*John P. Hemenway*
John D. Hemenway DC #379663
4816 Rodman St., N.W.
Washington, D.C. 20016
(202) 244-4819

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of March, 2007, he caused to be placed in the U.S. mail a copy of the within Motion for Default Judgment with all its attachments with sufficient postage to pay for first class service to the following addresses listed below:

HU, Jintao, c/o "People's Daily"
Washington, D.C. Bureau
3706 Massachusetts Avenue, N.W.
Washington, D.C. <u>20016</u>

LIU, Aicheng, Chief Correspondent
c/o "People's Daily"
Washington, D.C. Bureau
3706 Massachusetts Avenue, N.W.
Washington, D.C. <u>20016</u>

"People's Daily," W.D.C. Bureau
3706 Mass. Ave., N.W.
Washington, D.C. <u>20016</u>

Chinese Society of Private
International Law
c/o International Law Inst. of
Wuhan University
Wuhan, Hubei Province
People's Republic of China

"Global Times Journal"
c/o "People's Daily"
Washington, D.C. Bureau
3706 Mass. Ave., N.W.
Washington, D.C. <u>20016</u>

*John D. Hemenway*
John D. Hemenway

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANG DAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | File Number: 1:05cv01788 |
| v. ) | Judge: Hon. R.M. Urbina |
| ) | |
| HU JINTAO, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
In Support of the
## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

The Plaintiffs have respectfully moved for Default Judgment. As stated in their motion, the Plaintiffs properly filed their Complaint on September 5, 2005, properly served the Defendants (who are competent in the eyes of the law), all in accordance with the Rules and in a timely manner. The Defendants have ignored the substance of the Complaint and disregarded the legal right of this District Court to determine whether their interests are properly the subject of a Motion to Dismiss. Plaintiffs further state as required by Rule 55 (b) (1):

1. The Defendants have failed to respond to the Complaint and are known to be neither infants nor incompetent persons.

2. An entity styling itself as "The Chinese Society of International Law" has injected itself into the case and filed a brief with the Court

4

dated December 4, 2006, without claiming any direct connection with the defendants. A request that this extensive brief be received as an *Amicus Curiae* brief has not been filed with this Court and would not be appropriate had this been the case. That unauthorized brief by the self-styled "private international law society" brief cites an official diplomatic note lodged by the Peoples' Republic with the United States Embassy in Beijing on May 6, 1986 in which the Communist government of China asserts the following:

> 3. "...The Chinese Government restates that by permitting Chinese citizens to openly engage in anti-Chinese Government activities on U.S. territory, the U.S. Government has completely violated the accepted basic norms governing international relations. The Chinese Government is following seriously the development of this case.
>
> 4. "Moreover, the Chinese side wishes to call the attention of the U.S. Government to the fact that the political system of China has its own characteristics as distinct from those of other countries. The Communist Party of China is the ruling Party and the core of leadership for all China. The People's Daily, being an organ of the Chinese Communist Party, exercise the function of publicity and education for the Chinese Communist Party and the state of the People's Republic of China. It announces the foreign and domestic policies of the Chinese Government and publishes its important documents. The property of the People's Daily is state-owned, and it is funded by the Ministry of Finance of the People's Republic of China. According to accepted principles of international law, the People's Daily should enjoy sovereign immunity in U.S. courts. In the view of the Chinese side, the U.S. court in

question has no right to accept and hear the case...." (Diplomatic Note from Peoples' Republic of China addressed to the U.S. Government Embassy in Beijing on or about May 6, 1986.) See: **MEMORANDUM ORDER** of the Superior Court of the District of Columbia, November 10, 1987, p. 5.)

5. Under the Alien Tort Claims Act of 1789, (USC 28 Section 1350, as amended), a United States District Court has jurisdiction over any claim that raises the issue of a violation of U.S. laws or treaties arising under the United States Constitution. The tortfeasors in this action are individuals not entitled to diplomatic or other immunities in the course perpetrating their acts injuring the Plaintiffs.

6. Further, the assertion that the Peoples' Republic of China (PRC) is the "...ruling Party and the core of leadership for all China..." is a preposterous assertion claiming immunity in every area in which the PRC can not intimidate, torture, or threaten its opponents into submission to its views. The Government of the Republic of China (ROC) is an outstanding Chinese example of such a proper separation and the Government of Hong Kong is an example of how the use of force by the PRC actually operates to subjugate entities under its control. For example, in recent years, after promising Hong Kong its own independence under the PRC, ("one nation, two systems") the Court of Appeals of the Hong Kong government was eliminated by the

Communist People's Republic of China (PRC). This proper appellate court was then replaced by a division of the Central Committee of the Communist Party of the PRC where the Communist Party completely controls the outcome of all "appeals." So much for "two systems!"

7. Significantly, the "private international law society" acknowledges that the total number of copies of *Renmin Ribao* (the Defendant Peoples' Daily of the People's Republic of China) is 3,398,462 copies, solely printed for circulation in the United States and Canada.

8. It should not make any difference whether an entity claims sovereign immunity or not. To deliberately publish and then distribute (distribution is the source of injury in this tort action) tortuous material free-of-charge in the United States, deliberately spreads a libel. Whether it is a libel is a fact question for a jury in a U.S. District Court. Admittedly, 432,694 individuals claimed to have paid for the foreign publication. This may constitute a waiver of jeopardy, but this leaves a remnant of *nearly three million (Three Million!)* copies repeating, publishing and distributing this tortuous material. *Ibid.* p. 23.

9. Whether or not this Court chooses to acknowledge the extensive *unauthorized* document from Wuhan University of unknown authority or connection with the Defendants, that document itself

7

contains admissions that suggest that this cause of action proceed to trial or that the Plaintiffs be granted default judgment.

10. The Wuhan document concludes with the assertion that "[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a district court still must determine that immunity is unavailable under the Act," citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 n. 20 (1983).

11. In a total sovereign state dictatorship where *everything* belongs to the State, and *everyone* is subordinate to the one party, as the Wuhan document declares is the case in the Chinese Peoples Republic, it does not follow that everything and everyone is entitled to the benefits of sovereign immunity. Most recently, we have seen the claim to sovereign immunity (an extreme case, in the view of the United States and Iraqi governments) of former President Hussein of Iraq terminated by Hussein's conviction and hanging. Just because those who for expedient reasons choose to claim that they are entitled to sovereign immunity to justify their tortuous actions over the years does not justify their claim of sovereign immunity before a United States District Court Judge. In this regard, the writers of the Wuhan Document clearly understand that it "must ordinarily be respected...", in "...U.S.

jurisprudence that the separate juridical identities of different agencies and instrumentalities [remain separate] from each other and from the foreign state...." <u>Ibid.</u>, p. 19, line 6.

12. Upon appeal, the Wuhan document would be rejected under Rule 29, Federal Rules of Appellate Procedure, which permits an <u>Amicus Curiae</u> brief:

> "...to be filed only if accompanied by written consent of all parties, or by leave of court granted on motion or at the request of the court...."

13. Thus, at this stage of litigation, the suggestions by the Chinese Society of Private International Law should be rejected that this Court lacks subject matter jurisdiction over the defendants under Fed. R. Civ. P. 12(h)(3).

14. For the convenience of the Court, Rule 55 (b)(1) reads, in relevant part:

> "Judgment. Judgment by default may be entered as follows:
>
> "(1) By the Clerk. When the Plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for the failure to appear and is not an infant or incompetent person."

WHEREFORE, the Plaintiffs respectfully pray that this Honorable Court will grant their Motion for a default judgment based on the above rationale and the lack of opposition by the defendants or their legitimate agents representing the defendants. A Memorandum of additional Points and Authorities is attached as well as an *Affidavit Statement* reviewing details of the Complaint and a (draft) ORDER for the convenience of the Court.

Respectfully submitted,

*John D. Hemenway*
John D. Hemenway, DC#379663
4816 Rodman St., N.W.
Washington, D.C. 20016
(202) 244-4819

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANG DAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HU JINTAO, *et al.*,<br>Defendants. | File Number: 1:05cv01788<br>Judge: Hon. R.M. Urbina |

### (Draft) O R D E R

This matter came before the Court on a Motion proposed by the Plaintiffs. This Court, having considered the Plaintiffs' Motion for Entry of Default reviewing the facts leading to this Judgment of Default in the instant case, has determined that good cause exists to grant this motion.

It is therefore, on this _____ day of March, 2007, hereby:

**ORDERED:**

That an entry of Default, with prejudice, is to be entered by the Clerk in favor of the Plaintiffs.

**SO ORDERED.**

_____
U. S. District Court Judge