IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Wang Dan and Wang Juntao, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1: 05CV01788 (Judge R.M. Urbina) |
| | ) |
| Hu Jintao, Liu Aicheng, | ) |
| *People's Daily* and *Global Times*, | ) |
| | ) |
| Defendants. | ) |

SUPPLEMENTAL SUGGESTION
UNDER FED. R. CIV. P. 12(h)(3) OF LACK OF
SUBJECT-MATTER JURISDICTION OVER DEFENDANTS
AND IN THE ALTERNATIVE MOTION *PRO SE*
OF CHINESE SOCIETY OF PRIVATE INTERNATIONAL LAW
TO SUBMIT BRIEF *AMICUS CURIAE*
ON PLAINTIFFS' JURISDICTIONAL CLAIMS

Chinese Society of Private International Law
c/o International Law Institute of Wuhan University
Wuhan University
Wuhan, Hubei Province
People's Republic of China

Apr. 2, 2007

# TABLE OF AUTHORITIES

Page

CASES

*Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.2d 1024 (D.C. Cir. 2004) .............................. 1

*Int'l Ass'n of Machinists & Aerospace Workers v. Organization of
    Petroleum Exporting Countries (OPEC)*, 477 F. Supp. 553
    (C.D. Cal. 1979), *aff'd*, 649 F.2d 1354 (9th Cir. 1981).) .................................................. 1

*\*Youming Jin v. Ministry of State Security*, 1:02-cv-00627-RMU (D.D.C.) .............................. 1


STATUTES AND RULES

Fed. R. Civ. P. 12(h)(3) .............................................................................................................. 1, 2

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-1611 ........................................ 1, 2


MISCELLANEOUS

*The Amicus Brief* (American Bar Ass'n 2d ed. 2004) ...................................................................... 2

The Chinese Society of International Law hereby submits the attached short brief (Attachment A) as a supplemental suggestion of immunity under Fed. R. Civ. P. 12(h)(3). The Society submitted similar suggestions in *Youming Jin v. Ministry of State Security*, 1:02-cv-00627-RMU; in its decision of March 1, 2007, this Court announced that it was "constru[ing] the Society's Suggestion and Renewed Suggestion as *amicus* briefs in support of dismissal." Memorandum Opinion at 2 n.2, 2007 U.S. Dist. LEXIS 13638 at *3 n.2 (D.D.C. March 1, 2007). Thus, in the alternative, the Society requests that the Court accept the attached short brief as a brief *amicus curiae*.

In a motion for entry of a default filed March 21, 2007, plaintiffs in this case claimed that it would not be appropriate for the Society to submit an *amicus* brief. Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Entry of Default ("PM") (docket item #5, filed March 21, 2007) at 5. To the contrary, the Court has already determined, in the *Youming Jin* case, that consideration of briefs of this nature as *amicus* briefs is indeed appropriate. The courts' consideration of such briefs is far from unprecedented. In fact, the courts have accepted briefs *amicus curiae* in other Foreign Sovereign Immunities Act ("FSIA") cases where foreign sovereign defendants have not appeared, which have assisted those courts in determining the critical question of subject-matter jurisdiction. *See Int'l Ass'n of Machinists & Aerospace Workers v. Organization of Petroleum Exporting Countries (OPEC)*, 477 F. Supp. 553 (C.D. Cal. 1979), *aff'd*, 649 F.2d 1354 (9th Cir. 1981); *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.2d 1024 (D.C. Cir. 2004).[1] Such briefs perform a valuable function in assisting the courts in analyzing the critical

---

[1] Indeed, in *Cicippio-Puleo*, the court on its own initiative actually appointed counsel to serve as *amicus curiae* on the question of subject-matter jurisdiction under the FSIA, which assisted the court in determining that jurisdiction did not exist in that case. *See Cicippio-Puleo*, 353 F.2d at 1030.

1

jurisdictional issues, which the Supreme Court has clearly stated the courts must be sure to do in all FSIA cases, whether the defendants appear or not.

The Society also is a very appropriate submitter of an *amicus* brief. In fact, groups of "law professors and lawyers practicing in a specialized field" are one of the most common sets of groups submitting *amicus* briefs to the U.S. courts. *The Amicus Brief* at 17 (American Bar Ass'n 2d ed. 2004). The Society is an independent legal person under Chinese law, an academic organization dedicated to research and discussion of private international law issues. It is interested in the law and theories of head-of-state immunity and foreign sovereign immunity and also in the furtherance of amicable relations between China and the United States, and thus clearly has an interest in this litigation.

Moreover, plaintiffs also do not address at all the question whether a nonparty such as the Society may file a suggestion of immunity pursuant to Rule 12(h)(3), which provides that "[w]henever it appears by suggestion of the parties **or otherwise** that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" (emphasis added). The case law cited on page 1 of the Suggestion of the Society filed Feb. 21, 2007 (docket item #4) clearly confirms that a nonparty may file such a suggestion. Such suggestions are permitted because of the **compelling interest the Court has** not to exceed its own jurisdiction, without regard to any interest in the litigation that the nonparty may or may not have.

In conclusion, the Society respectfully submits the attached brief pursuant to Rule 12(h)(3), and also respectfully requests in the alternative that the Court accept it as a brief *amicus curiae*, for the reasons stated above.

Respectfully submitted,

Chinese Society of Private International Law



Dated: Apr. 2, 2007

# Attachment A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Wang Dan and Wang Juntao, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1: 05CV01788 (Judge R.M. Urbina) |
| | ) | |
| Hu Jintao, Liu Aicheng, | ) | |
| *People's Daily* and *Global Times*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SUBMISSION OF CHINESE SOCIETY
## OF PRIVATE INTERNATIONAL LAW
## <u>ON PLAINTIFFS' JURISDICTIONAL CLAIMS</u>

 

Chinese Society of Private International Law
c/o International Law Institute of Wuhan University
Wuhan University
Wuhan, Hubei Province
Apr. 2, 2007                                  People's Republic of China

# TABLE OF AUTHORITIES

Page

CASES

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989) ............................. 1

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
    462 U.S. 611 (1983) ............................................................................................................ 2

*Wei Ye v. Jiang Zemin*, 383 F.3d 620 (7th Cir. 2004), *cert. denied*, 544 U.S. 975 (2005) ............. 1


STATUTES AND RULES

Alien Tort Claims Act, 28 U.S.C. §§ 1350 .......................................................................... 1

Fed. R. Civ. P. 11(b)(3) ..................................................................................................... 3

Fed. R. Civ. P. 55(b)(1) ..................................................................................................... 1

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-1611 ............................. 1, 2

28 U.S.C. § 1603(a) .......................................................................................................... 1


MISCELLANEOUS

Basic Law of the Hong Kong Special Administrative Region of the People's
    Republic of China (adopted on Apr. 4, 1990 by the Seventh National
    People's Congress of the People's Republic of China) ................................................. 2

H.R. Rep. No. 1487, 94th Cong., 2d Sess. (1976), *reprinted in* 1976 U.S. Code Cong. &
    Admin. News 6604 ........................................................................................................ 2

On March 21, 2007, plaintiffs filed a motion for entry of a default.[1] They claim that jurisdiction exists to adjudicate this case. *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Entry of Default ("PM") (docket item #5, filed March 21, 2007). For the reasons set forth below and in its earlier-filed suggestion (docket item #4, filed Feb. 21, 2007), the Chinese Society of International Law submits that jurisdiction does not exist.

First, the United States Government suggested head-of-state immunity for President Hu (docket item #3, filed October 19, 2006). The State Department's determination that he is entitled to such immunity is conclusive. *See Wei Ye v. Jiang Zemin*, 383 F.3d 620, 626 (7th Cir. 2004), *cert. denied*, 544 U.S. 975 (2005). Plaintiffs do not even bother to mention the United States' suggestion to this Court in their motion for an entry of default.

Second, although the plaintiffs claim that the defendants are subject to the Alien Tort Claims Act, PM at 6, in fact the Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state[2] in the courts of this country" [*i.e.*, the United States]. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).

Third, plaintiffs claim that the Society has the position that "everything and everyone [in China] is entitled to the benefits of sovereign immunity." PM at 8. This is an absurd statement.

---

[1] Plaintiffs totally confuse the entry of default with a judgment by default. *Compare* (plaintiffs' motion (entitled "Motion for Entry of Default") *with* plaintiffs' memorandum of law (" . . . in Support of the Plaintiffs' Motion for Default Judgment," and referring to Fed. R. Civ. P. 55(b)(1), applicable to judgments by default). Plaintiffs also assert in a sworn affidavit appended to their "Motion for Entry of Default" that they are entitled to a default judgment for a "a sum certain" that the Clerk can simply enter, *see* PM, Affidavit ¶ 5, when by no stretch of the imagination could their damages demands be considered genuinely to be what the Federal Rules contemplate as "a sum certain." *See* Fed. R. Civ. P. 55(b)(1) ("for a sum certain or for a sum which can by computation be made certain").

[2] Under 28 U.S.C. § 1603(a), "foreign state" "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state . . . ."

1

The FSIA requires analysis on a case-by-case and entity-by-entity[3] basis. The Society's analysis in its previous suggestion tracks the requirements of the FSIA, explains in detail why jurisdiction does not exist under the FSIA, and does not advocate the absurd propositions attributed by the plaintiffs to the Society.

Finally, although it is utterly irrelevant to the issues in this case, plaintiffs misrepresent to this Court that "the Court of Appeals of the Hong Kong government was eliminated by the Communist People's Republic of China." PM at 6-7. In fact, the Basic Law of the Hong Kong Special Administrative Region of the People's Republic of China (adopted on Apr. 4, 1990 by the Seventh National People's Congress of the People's Republic of China) specifically provides in Article 81 for the establishment of Court of Appeal.[4] The Court of Appeal is a fully functioning court, as fully functioning as this Court is. This is easily confirmed by reference to the website of the Government of the Hong Kong Special Administrative Region at:

> http://www.info.gov.hk/orgindex.htm

There, one can find very detailed explanations of that court's functioning as well as the functioning of the other courts constituted under the Basic Law, including details of addresses, hours, telephone numbers and e-mail contact address for this allegedly "eliminated" court. Thus, the plaintiffs' representation to this Court that the Court of Appeal in the Hong Kong Special

---

[3]   See *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 628 (1983) ("'If U.S. law did not respect the separate juridical identities of different agencies or instrumentalities, it might encourage foreign jurisdictions to disregard the juridical divisions between different U.S. corporations '") (quoting H.R. Rep. No. 1487 at 28-29, 94th Cong., 2d Sess. (1976), *reprinted in* 1976 U.S. Code Cong. & Admin. News 6604, 6628-29).

[4]   The Basic Law may be found on the website of the Government of the Hong Kong Special Administrative Region at http://www.info.gov.hk/basic_law/fulltext/index.htm . The Articles covering the judiciary are Articles 80-96.

Administrative Region has been "eliminated" is flatly, demonstrably false, and the true state of affairs clearly would have been ascertainable by the plaintiffs' attorney with minimal effort.[5]

In conclusion, there is no jurisdiction over defendants in this case, for the reasons stated herein and in the suggestion of February 21, 2007, and in the suggestion of the United States, filed October 19, 2006. Hence the Chinese Society of International Law respectfully submits that this case should be dismissed in its entirety forthwith.

Respectfully submitted,

Chinese Society of Private International Law



Dated: Apr. 2, 2007

---

[5] The problems with plaintiffs' representations do not end there. As pointed out in the Society's suggestion filed February 21, 2007, it has become a matter of public record that plaintiff Wang Dan has indeed been receiving payments from the authorities on Taiwan, placing in grave question plaintiffs' attorney's certification of the complaint to this Court under Rule 11(b)(3). *See* Suggestion of the Society (Feb. 21, 2007) (docket item #4) at 3 n.2. Although the plaintiffs unashamedly praise the regime on Taiwan as "outstanding," PM at 6, and vociferously attack the Society's suggestion of February 21, 2007, they pass over this point in the Society's suggestion **in complete silence**.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Wang Dan and Wang Juntao, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Case No. 1: 05CV01788 ) |
| Hu Jintao, Liu Aicheng,<br>*People's Daily* and *Global Times*, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter came before the court on the request in the alternative of the Chinese Society of Private International Law that its brief on plaintiffs' jurisdictional claims be accepted as a brief *amicus curiae*. On consideration of the request and of other papers relevant to this request,

IT IS HEREBY ORDERED that the Society's request is GRANTED and its brief shall be treated as a brief *amicus curiae*.

_____
R.M. Urbina
United States District Court Judge

Dated:_____, 2007

Certificate of Service

I hereby certify that on <u>Apr. 2_</u>, 2007, I caused copies of the foregoing supplemental suggestion and motion in the alternative, with attachment, to be mailed: by international air mail, to John Hemenway, Esq., 4816 Rodman Place, NW, Washington, DC 20016, USA, and to Jonathan Eli Zimmerman, Esq., U.S. Department of Justice, Civil Division, Federal Programs Branch, P. O. Box 883, 20 Massachusetts Avenue, N.W., Washington, DC 20530, USA; and by domestic first-class mail, to the Honorable Hu Jintao, Secretary General, Chinese Communist Party; to *Renmin Ribao* ("*People's Daily*"); to Liu Aicheng, c/o *Renmin Ribao*; and to *Huanchiu Shibao* ("*Global Times*").



Bu Lu