UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WANG DAN and WANG JUNTAO, | : : : | |
| Plaintiffs, | : : | Civil Action No.:    05-1788 (RMU) |
| v. | : : | |
| HU JINGTAO in his official capacity as Secretary General Politburo of Chinese Communist Party *et al.*, | : : : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

**DISMISSING ALL DEFENDANTS EXCEPT PEOPLE'S DAILY**

On September 9, 2005, the plaintiffs filed a complaint alleging that the defendants published articles maliciously defaming them. In the ensuing two and a half years, the plaintiffs have only served defendant People's Daily, the purported "mouthpiece of the Chinese Communist Party." Compl. ¶ 2. On February 21, 2008, the court issued a Minute Order instructing the plaintiffs to "show cause on or before March 7, 2008, as to why the court should not dismiss the [claims] against the defendants, except People's Daily, for failure to demonstrate proper service of the complaint." Federal Rule of Civil Procedure 41(b) provides the court with broad discretion to dismiss actions for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." To date, the plaintiffs have neither responded to the court's show cause order nor effected service on the remaining defendants. Accordingly, the court dismisses the plaintiffs' claims against all defendants except People's Daily. *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (recognizing that "the amount of time allowed for foreign service is not unlimited").

It is this 27th day of March, 2008,

**ORDERED** that all defendants other than People's Daily are **DISMISSED**; and it is

**FURTHER ORDERED** that the plaintiffs' motion for default judgment is due on or before Monday, June 30, 2008; and it is

**ORDERED** that any such motion for default judgment shall thoroughly and comprehensively address, with relevant legal authority, pin cites and parentheticals, the court's jurisdiction over the plaintiffs' claims in light of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1604 *et seq.*, which is the sole basis for obtaining jurisdiction over a foreign state, and also articulate the evidentiary support, with citations to the relevant attachment, for each element of each claim.

**SO ORDERED**.

                                                                                    RICARDO M. URBINA
                                                                                    United States District Judge